Anthony **GRILLO**, Plaintiff,

v.

**ZURICH INSURANCE COMPANY,**
**Defendant.**

**No. 94 Civ. 3443 (RWS).**

United States District Court,
S.D. New York.

July 15, 1994.

Robert L. Herbst, New York City, for plaintiff; Roger Bernstein, of counsel.

Siff Rosen, P.C., New York City, for defendant; Ignatius John Melito, John T. Genovese, of counsel.

SWEET, District Judge.

Plaintiff Anthony Grillo ("Grillo") has moved to remand this action against the Zurich Insurance Company ("Zurich") to the Supreme Court of the State of New York, and Zurich has cross-moved for an order referring this case to the Bankruptcy Court for the Southern District of New York. For the reasons set forth below, the motion to remand is granted and the cross-motion to refer to the Bankruptcy Court is denied.

## *Prior Proceedings*

On May 2, 1994, Grillo filed this action against Zurich in the Supreme Court of the State of New York, New York County, entitled *Anthony Grillo v. Zurich Insurance Company,* Index No. 112299/94. The complaint requests a declaration establishing that Zurich had issued a liability policy to R.H. Macy & Co., Inc. and Macy's Northeast, Inc. (collectively "Macy's") that was in effect on April 8, 1989 and that Zurich is obligated to satisfy any judgment Grillo might obtain against Macy's in a personal injury action, entitled *Anthony Grillo v. Macy's Northeast, Inc.,* Index No. 21528/89, which was commenced on July 26, 1989 in the Supreme Court of the State of New York, New York County (the "Underlying Action").

On May 10, 1994 Zurich removed this action to the United States District Court for the Southern District of New York as "related to" Macy's proceedings in Chapter 11 currently presided over by the Honorable Burton R. Lifland, Chief Judge of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceeding").

On May 20, 1994, Grillo moved to remand and then Zurich cross-moved for transfer to the Bankruptcy Court. Both motions were deemed argued and submitted on June 15, 1994.

The Underlying Action stemmed from an incident in Macy's Department Store on April 8, 1989, in the course of which Grillo alleges he was arrested and imprisoned, assaulted and battered, and suffered a serious and probably permanent post-traumatic stress disorder.

By Notice to Produce in the Underlying Action, Grillo sought the contents of any and all insurance agreements under which any person may be liable to satisfy part or all of a judgment. In response thereto, the counsel representing Macy's stated as follows:

> Please be advised that we have inquired of our client and its insurance carrier and have been advised as follows:
>
> R.H. Macy & Co., Inc. was insured by Zurich Insurance Company for the period October 15, 1988 through October 15, 1989 under policy number CGL 61 82 000 with policy limits of $5,000,000/5,000,000.
>
> R.H. Macy & Co., Inc. had excess insurance through Zurich Insurance Company for the period in question under policy number SXL 61 82 005 with policy limits of $75,009,000/$5,000,000.

In August 1992, pursuant to CPLR § 325(d), the Underlying Action was transferred to Civil Court, given the Index No. 147396/92, and placed on the trial calendar. It was scheduled to commence trial before the Honorable Margaret Taylor on May 12, 1995. After Grillo filed this declaratory judgment action in the New York Supreme Court, the Honorable Alice Schlesinger, Judge of the Civil Court, stayed the trial to May 11, 1994, and scheduled a hearing for that date to resolve the insurance coverage issue before trial began in the Civil Court. After Zurich filed its removal petition on May 10, Judge Schlesinger extended the stay of the Civil Court trial to June 3, 1944. Judge Taylor has indicated that she will be unable to hear the case until December 29, 1994.

In the Bankruptcy Proceeding, on June 8, 1992, Chief Judge Lifland entered an Omnibus Order under which the automatic stay was "modified solely with respect to the Causality Claims ... to the extent of permitting the continuation or commencement of any action ... for the sole purpose of determining issues regarding the Debtors' alleged liability, if any, and any claimant's alleged damages, if any, attendant thereto." The Omnibus Order specifically provides:

> Under such modification of the Automatic Stay, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting execution, enforcement or collection of any settlement or of any judgment that may be obtained against any of the Debtors from and against any assets or properties of the estates of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall otherwise remain in full force and effect; and neither the claimants nor any of their agents, attorneys or representatives shall take any action or attempt to cause any action to be taken to collect all or any portion of such judgment or such settlement of any of the Casualty Claims....

The Omnibus Order allowed Zurich to continue to defend, enter into settlement agreements, investigate and process the Casualty Claims, including the authorization to retain counsel, in accordance with the Debtors' existing insurance policies and agreements. Also, as requested, the Omnibus Order authorized Zurich to settle in full the Settlement Claims as defined in the motion, provided that any payment made by Zurich not exceed $25,000 for any one claim.

### Remand is Appropriate

■ Grillo seeks a determination as to whether or not under New York law Zurich is required to pay a judgment against Macy's in the event that one should be obtained. That determination is not related to the bankruptcy, although, of course, no judgment can be enforced against Macy's under the present orders of the Bankruptcy Court unless it is less than $25,000 in amount.

It is apparently Zurich's position that payment of claims over $25,000 may affect the premium credits allowable to Macy's, and

that therefore, this declaratory judgment action is related to the Bankruptcy Proceeding and should be referred to the Bankruptcy Court. That Court has more than enough to do and has modified the Automatic Stay to permit actions such as Grillo's to go forward. The effect of such actions and any payouts by Zurich, if such there be, will probably be controlled by the Bankruptcy Court. Whether Zurich is required to pay or not, and how much, remains under the orders of the Bankruptcy Court a matter for the state court, and hence a remand is appropriate.

■ The institutional inquiry for bankruptcy jurisdiction and automatic referral in this District is whether the matter is "related to" the bankruptcy case. The test for relatedness is whether:

> [T]he outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) which in any way impacts upon the handling and administration of the bankruptcy estate.

*Neuman v. Goldberg,* 159 B.R. 681, 686–87 (S.D.N.Y.1993) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)) (citations omitted).

■ An action between non-debtors is regarded as "related to" a bankruptcy case if its outcome could affect the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors, or if the resolution could alter the debtor's rights or liabilities. *In re Kolinsky,* 100 B.R. 695, 702 (Bankr.S.D.N.Y.1989).

A stipulation entered by Chief Judge Lifland in May of 1992 and the Omnibus Order modify the Automatic Stay by permitting the continuation of the Underlying Action and other Casualty Claims for the purpose of determining the issues of liability and damages. However, these documents do not modify the provisions of the Automatic Stay

prohibiting execution or collection of any judgment against assets or properties of the debtors' estates. Furthermore, the Omnibus Order unequivocally states that claimants, including Grillo, shall not take any action to collect a judgment for the "Casualty Claims" (*i.e.* pre-petition claims against Macy and its subsidiaries covered by Zurich policies). This language prohibits judgment creditors from executing a judgment against Macy's.

According to Zurich, as a result of the premium payment and retrospective rating plans governing the Zurich policies, any payment by Zurich under the policies for claims up to and including $500,000 is initially made from funds comprised of the premiums paid by Macy's for the policies. Since Macy's residual contractual rights in the premium funds appear to constitute property of its estate, any payments in excess of $25,000 may well not be permitted by the stipulation and Omnibus Order.

However, the present action seeks a declaration of rights under state law, not payment, the Underlying Action not having been resolved. 11 U.S.C. § 541(a) provides that the "estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." The Supreme Court in interpreting this section quoted the following from its legislative history:

> The scope of this paragraph [§ 541(a)(1) ] is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act.

*United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

 Courts of Appeal around the country, including this one, have held that liability insurance policies and their proceeds constitute property of the bankruptcy estate. *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d 89, 92 (2d Cir.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988); *Tringali v. Hathaway Machinery Co.,* 796 F.2d 553, 560 (1st Cir.1986); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1001 (4th Cir.),

*cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Minoco Group of Cos.,* 799 F.2d 517, 519 (9th Cir.1986).

Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Zurich has cited a number of authorities for the proposition that section 362(a)(3) stays actions to collect against the debtor's insurer and it may be presumed that the Bankruptcy Court, upon a proper showing, could even enjoin a declaratory judgment action. However, it has not yet entered such an order, in fact, just the contrary.

The Bankruptcy Court will unquestionably be the ultimate arbiter of the contract rights between Zurich and Macy's and any modification of those rights required by the bankruptcy. A declaration of Grillo's rights under state law may or may not advance the Underlying Action, but it is not prohibited by the Omnibus Order or the Bankruptcy Code.

For these reasons, the motion by Grillo to remand this cause to the state court is granted, and the cross-motion denied.

It is so ordered.